## Case No. 15,146.

### UNITED STATES v. FOUR CASES PRINTED MERINOES.

[2 Paine, 200.] [1]

Circuit Court, S. D. New York. 1835.

CUSTOMS DUTIES — FRAUDULENT ENTRY — OWNERSHIP OF GOODS.

1. Upon the question whether goods were fraudulently entered, the court ought to be liberal in the admission of evidence which has a bearing, even in a remote degree, upon the point to be made out.

[1] [Reported by Elijah Paine, Jr., Esq.].

2. But circumstances which are offered to show the fraud, should be of a character fairly and reasonably tending to make it out. If irrelevant, or relating to a matter immaterial to the point of inquiry, they are not admissible.

[Cited in U. S. v. One Hundred and Forty-Six Thousand Six Hundred and Fifty Clapboards, Case No. 15,935.]

3. Goods were entered by one of the claimants, and the oath taken by him on entry, was the one prescribed by the act of congress to be taken in cases where the goods have been actually purchased. Afterwards, the goods were proceeded against under section 14 of the act of July 14, 1832 [4 Stat. 593], on the ground that the packages were made up with intent to evade and defraud the revenue. Evidence that the claimants were not owners of the goods at the time of entry, but only consignees, and that the real owners were the manufacturers of the goods, who resided abroad, was held irrelevant and inadmissible.

[Error to the district court of the United States for the Southern district of New York.

[This was a proceeding by the United States against four cases of printed merinoes, Harvey & Stagg, claimants, on the charge of an intent to defraud the revenue. The district court rendered judgment in favor of the government (case unreported), and the case is now before this court on a writ of error to that judgment.]

THOMPSON, Circuit Justice. The record in this case is brought up by writ of error from the district court for the Southern district of New York. It is an information filed under the 14th section of the act of July 14, 1832. The information contains three counts, but no question arises in this case under the two first counts. The third count claims a forfeiture of the goods under the allegation that the packages were made up with intent to evade and defraud the revenue of the United States. The entry at the customhouse was made by Joseph Harvey, one of the claimants; and the oath taken by him, was the one prescribed by the act of March 1, 1823 (7 Laws U. S. [Bior. & D.] 123 [3 Stat. 729]), to be taken in cases where the goods have been actually purchased. Upon the trial, it was offered on the part of the United States to prove that the claimants, Harvey & Stagg, were not the owners of the goods at the time of the importation and entry thereof, but that the said goods were then owned by Harvey, Tyrol & Co., the manufacturers thereof, who resided in England, and that the said Harvey & Stagg were merely the consignees of said goods. This evidence was objected to on the part of the claimants, and overruled by the court; and the only question in this case is, whether the evidence so offered was admissible. Upon the question whether the entry was fraudulent or not, the court ought to be liberal in the admission of evidence which has a bearing, even in a remote degree, upon the point to be made out. Generally, the fraud is to be made out by circumstances, but such

circumstances must be of a character fairly and reasonably tending to make out the matter of fraud; if irrelevant, or relating to a matter immaterial to the question or point of inquiry, there can be no propriety in admitting such evidence. Under such a course of practice in the trial of causes, there would be no settled rule by which the court would be governed.

An admission of the truth of the fact offered to be proved, could have made no difference in the result; the evidence was irrelevant. As to the effect of the admission of irrelevant testimony, see 2 Grah. & W. New Trials, p. 603 et seq. See the following cases: The Isabella [Case No. 7,101]; The William Gray [Id. 17,694]; The Enterprise [Id. 4,499]; The Cotton Planter [Id. 3,270]; U. S. v. Nine Packages of Linen [Id. 15,884]; U. S. v. Morris [Id. 15,816]; The Active [Id. 35]; The Ann Maria [Id. 427]; U. S. v. One Case of Hair Pencils [Id. 15,924]; Sixty-five Chests of Tea v. U. S. [Id. 12,916]. The point of inquiry was, whether the entry and oath were made with intent to evade or defraud the revenue; but the duties were the same whether the claimants were the real owners, or only consignees of the goods, and no fraud upon the revenue could have been intended. The law requiring the invoice to be verified by the oath of the non-resident owner, and authenticated by a consul or commercial agent of the United States, can have no bearing upon the question of fraudulent intent to evade or defraud the revenue. The evidence was, therefore, properly rejected. The judgment of the district court is, accordingly, affirmed.